

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/05/2007

| IN RE: | § | |
|---|---|---|
| LARRY STEPHEN DUNSON | § | CASE NO: 07-33155 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |

**MEMORANDUM OPINION
CONCERNING DENIAL OF DEBTOR'S MOTION
TO VACATE DISCHARGE AND FINAL DECREE
(Doc. # 20)**

Debtor's motion (docket # 20) to vacate the discharge and to vacate the final decree in this case is denied.  The essence of the motion is that Debtor wants to reopen the bankruptcy case to amend the list of creditors to add 3 creditors who were omitted from the original list.  Debtor apparently assumes that if the discharge is vacated and if the creditors' names are added to the schedules, the case will proceed, a new discharge will be entered, and the creditors' claims will be discharged.  The motion is denied by separate order issued this date because the Court simply does not have authority to grant the relief requested and because Debtor is incorrect in his assumptions about the consequences of granting the relief that he requests.

### I.   FACTS

Debtor filed a voluntary petition commencing this case under chapter 7 of the Bankruptcy Code on May 9, 2007.  The meeting of creditors required by Bankruptcy Code § 341 was first set for June 14, 2007.  The meeting was held as scheduled, the chapter 7 trustee issued a "no asset" report, and the chapter 7 trustee asked to be released from his obligations.  An order discharging the debtor from his debts was issued September 12, 2007, and a final decree was issued on the same date effectively closing the case.

### II.   DEBTOR'S ALLEGATIONS

On September 26 Debtor filed this motion to vacate the discharge and to vacate the final decree.  Debtor alleges:

1) That Debtor stated at the 341 meeting that he would amend his schedules to add 3 creditors;
2) That somehow (possibly by computer/software error) the amendment was not made timely; and
3) That Debtor's counsel became aware of the error when one or more of the three creditors attempted to collect their debts and counsel amended the schedules immediately, on September 12 (the same day that the discharge order was entered and the case was closed.).

Debtor's motion asks the Court to:

> vacate the Discharge Order and Final Decree so that the three creditors added to the Schedule F can be made a part of the case and the debt owing to them can be subsequently discharged and for such other and further relief to which Debtor shows entitlement and for which he will ever pray.

### III.   CONCLUSIONS OF LAW

For purposes of this decision, the Court assumes all allegations of the motion to be true.

Determination of which debts are discharged, and which debts are not, in a chapter 7 case is determined by Bankruptcy Code § 523.  Specifically, section 523(a)(3) governs discharge of debts that were not listed in the bankruptcy schedules.  That subsection establishes two rules regarding such debts that were not listed in the schedules; one rule applies to "nondischargeable debts" and the other rule applies to "dischargeable debts".

A.   Unlisted "Nondischargeable Debts"

1.   In General

"Nondischargeable debts" are debts for money, property or services obtained by fraud, false pretenses, or a false financial statement;[1] debts for fraud or defalcation while acting in a fiduciary capacity;[2] and debts for willful and malicious injury.[3]

With respect to these debts, if the debt is not properly listed in a debtor's bankruptcy schedules the debt is not discharged unless the creditor knew about the bankruptcy case in time (a) to file a proof of claim, and (2) to file an objection to the discharge of the debt.

The deadline for filing a proof of claim will be discussed below, since that deadline has not yet run.  The deadline for objecting to dischargeability of debts, however, has run and the deadline is exceptionally strict.  The deadline for objecting to dischargeability of debts is 60 days from the "first date set" for the creditors' meeting.[4]  The deadline runs from the "first date set", and that deadline is not extended if the 341 meeting is continued to another date or if a second 341 meeting is scheduled.[5]  The deadline can be extended <u>only if</u> a motion to extend is filed <u>prior</u> to the expiration of the deadline.[6]

2.   Applied to this case, the consequence of the general rule is that if the unlisted debt was nondischargeable, it will not be discharged, regardless of whether the

---

[1] Bankruptcy Code §523(a)(2).
[2] Bankruptcy Code § 523(a)(4).
[3] Bankruptcy Code § 523(a)(6).
[4] Rule 4007(c) Federal Rules of Bankruptcy Procedure.
[5] Collier on *Bankruptcy* ¶4007.04[1][a].  This Court recently discussed the issue in more detail in *In re Cadwallder*, Case No. 06-36424, 2007 WL 1864154 (Bankr. S.D. Tex. June 28, 2007)
[6] .FRBP 4007(c).

discharge is vacated and regardless of whether the schedules are amended to add the creditors, unless the creditor had actual notice before August 13.

The deadline for filing an objection to dischargeability of debts in this case was August 13, 2007. That date has passed and cannot now be extended. If the debt was not dischargeable, then the debt will not be discharged unless creditor had actual notice of the case in time to file an objection to dischargeability of the debt. Vacating the order of discharge and the final decree will have no effect on dischargeability of those debts if they are non-dischargeable debts.

B.   Unlisted Dischargeable Debts

1.   In General

If a debt is a dischargeable debt, but was not listed in the schedules, it is nevertheless discharged if the creditor had notice of the bankruptcy case in time to file a timely proof of claim. The deadline for filing a proof of claim depends on whether the clerk has given notice that the case is an "asset case" or a "no-asset" case. If it appears at the commencement of the case that there will be assets available to pay creditors' claims, the Clerk gives appropriate notice to creditors and the deadline for filing proofs of claim is 90 days after the creditors' meeting. If it appears at the commencement of the case that there will be no assets available to pay creditors' claims, the clerk gives notice that the case is a no-asset case and that creditors should not file claims; if assets are subsequently discovered, the clerk is required to notify creditors and the deadline for filing proofs of claim is 90 days after the clerk gives that second notice.

2.   Application of the law to this case

In this case, the Clerk gave notice that the case was a "no asset" case. Specifically, in docket # 6 the Clerk gave the following notice:

> Do Not File a Proof of Claim at This Time
>
> There does not appear to be any property available to the trustee to pay creditors. *You therefore should not file a proof of claim at this time.* If it later appears that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.

No subsequent notice was sent out. Therefore, the time for filing proofs of claim for dischargeable claims has not yet begun to run. Therefore, creditors added to the creditor list at this time may still file timely claims if assets are discovered, and their claims are discharged whether or not the discharge order and the final decree are vacated. *Matter of Faden*, 96 F.3d 792, 799 (5th Cir. 1996) (citing *Omni Mfg., Inc. v. Smith* (*In re Smith*), 21 F.3d 660 (5th Cir. 1994); *Stone v. Caplan* (*In re Stone*), 10 F.3d 285, 291 (5th Cir. 1994).

C.      Entry of Discharge is Required by Law, and there is no Provision for Voluntary Rescission

Bankruptcy Code § 727(a) requires the Court to issue a discharge unless one of the express exceptions exist. None of those exceptions exist in this case. Section 727(a)(10) allows a debtor to waive a discharge, but that is not the relief requested by Debtor in this case. Subsections (c), (d), and (e) allow denial of discharge, but only on request of a creditor, the trustee, or the US Trustee.

FRBP 4004(c) requires the Court to grant the discharge immediately upon the expiration of the time for objecting to discharge. None of the exceptions in that rule apply to this case.

## IV.   CONCLUSION

The relief requested is simply irrelevant to this case, and is not authorized by the Bankruptcy Code. The relief that Debtor seeks is, in essence, contrary to the provisions of the Bankruptcy Code. In essence, Debtor has failed to state a claim on which relief can be granted.

Therefore, the motion is denied by separate order issued this date.

SIGNED 11/03/2007.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge